UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HILL,                           AFFIRMED VERIFIED
KAREN PITTMAN,                          CIVIL COMPLAINT
                    PLAINTIFF,          42 U.S.C. § 1983

— against —                             18 — CV — 6022

                                        CSS

COUNTY OF NIAGARA,
CITY OF NIAGARA FALLS,
CAROLINA A. WOJTASZEK, DISTRICT ATTORNEY,
DOREEN M. HOFFMAN, ASSISTANT DISTRICT ATTORNEY,
TROY EARP, POLICE DETECTIVE,
KEVIN PAYNE, CHIEF JAIL ADMINISTRATOR,
J. PAYNE, CORRECTION LIEUTENANT,
C. WILSON, CORRECTION SERGEANT,
LATONA, CORRECTION GUARD,
JAMES R. VOUTOUR, DEFENDANTS.



STATE OF NEW YORK ) ss.:
COUNTY OF NIAGARA )


MICHAEL HILL and KAREN PITTMAN, both
being duly sworn affirms under the
penalties of perjury pursuant to 28
U.S.C. § 1746, that the following is true
and exact so help us GOD:


I. JURISDICTION & VENUE

1. This affirmed verified complaint hereby
commences this civil rights action
authorized by 42 U.S.C. § 1983 to redress

the deprivations under the color of state law, and the rights secured by the constitution of the United States. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4). The plaintiffs Michael Hill and Karen Pittman seek declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Further, both plaintiffs claims for a preliminary injunction are authorized by 28 U.S.C. §§ 2283 & 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The court has supplemental jurisdiction over the plaintiffs' state law claims under 28 U.S.C. §1367. The venue of this action properly lies within this district pursuant to 28 U.S.C. §1391 (b)(2), because the events given rise to this action occurred in the City of Niagara Falls, and county of Niagara. Which is located in the Western district of New York.

3. Each and every defendant herein named, is identified by their white caucasian race, and each of them deliberately treated Mr. Hill and Ms. Pittman as a class of one, different than any white christians similarly situated with, and they did so irrationally.

## II. PARTIES TO THIS ACTION

4. The Plaintiff, Michael Hill, at all times relevant to the events mentioned herein resided at: 526 Walnut Avenue, Niagara Falls, NY 14301. After arrest currently resides at: Niagara County Jail, P.O. Box 496, Lockport, New York 14094.

5. The Plaintiff, Karen Pittman, at all times relevant to the events mentioned herein resided at: 311 —38th Street, Niagara Falls, NY 14303.

6. NAME OF DEFENDANT: COUNTY OF NIAGARA
OFFICIAL POSITION: NIAGARA COUNTY
SUED IN: OFFICIAL POSITION CAPACITY
ADDRESS: 175 Hawley Street, Lockport, NY 14094

7. NAME OF DEFENDANT: CITY OF NIAGARA FALLS
OFFICIAL POSITION: CITY
SUED IN: OFFICIAL CAPACITY
ADDRESS: City Hall
P.O. Box 69    (745 Main Street)
Niagara Falls, N.Y. 14302-0069

8. NAME OF DEFENDANT: CAROLINA A. WOJTASZEK
OFFICIAL POSITION: DISTRICT ATTORNEY
SUED IN: individual and official capacity
ADDRESS: 175 Hawley Street, Lockport, NY 14094

9. NAME OF DEFENDANT: DORLEN M. HOFFMAN
   OFFICIAL POSITION: ASSISTANT DISTRICT ATTORNEY
   SUED IN: INDIVIDUAL AND OFFICIAL CAPACITY
   ADDRESS: 175 HAWLEY STREET, LOCKPORT, NY 14094

10. NAME OF DEFENDANT: TROY EARP
    OFFICIAL POSITION: POLICE DETECTIVE
    SUED IN: INDIVIDUAL CAPACITY
    ADDRESS: 25 MAIN STREET, NIAGARA FALLS, NY 14305

11. NAME OF DEFENDANT: KELVIN PAYNE
    OFFICIAL POSITION: CHIEF JAIL ADMINISTRATOR
    SUED IN: INDIVIDUAL AND OFFICIAL CAPACITY
    ADDRESS: NIAGARA COUNTY JAIL, P.O. BOX 496, LOCKPORT,
    NY 14095.

12. NAME OF DEFENDANT: J. PAYNE
    OFFICIAL POSITION: CORRECTIONAL LIEUTENANT
    SUED IN: INDIVIDUAL CAPACITY
    ADDRESS: NIAGARA COUNTY JAIL, P.O. BOX 496, LOCKPORT,
    NY 14095.

13. NAME OF DEFENDANT: JAMES R. VOUTOUR
    OFFICIAL POSITION: SHERIFF
    SUED IN: INDIVIDUAL AND OFFICIAL CAPACITY
    ADDRESS: NIAGARA COUNTY JAIL, P.O. BOX 496,
    LOCKPORT, NY 14095.

14. NAME OF DEFENDANT: C. WILSON

OFFICIAL POSITION: CORRECTIONAL SERGEANT
SUED IN: INDIVIDUAL CAPACITY
ADDRESS: NIAGARA COUNTY JAIL, P.O. BOX 496,
LOCKPORT, NY 14095.

15. NAME OF DEFENDANT:        LATONA
OFFICIAL POSITION: CORRECTIONAL GUARD
SUED IN: INDIVIDUAL CAPACITY
ADDRESS: NIAGARA COUNTY JAIL, P.O. BOX 496,
LOCKPORT, NY 14095.

III. STATEMENT OF FACTS

16. ON OR ABOUT OCTOBER 11, 2017, WHILE IN THE
CUSTODY OF THE NIAGARA FALLS POLICE DEPARTMENT,
MICHAEL HILL WAS GIVEN AN INK PEN AND
MEDICAL LOG PAPER BY POLICE OFFICER AND
TOLD TO WRITE HIS CROSS-COMPLAINT TO THE
FALSE CHARGES.

17. PLAINTIFF WAS TOLD ANY PERSON, NOT NECESSARILY
A POLICE OFFICER, MAY ISSUE AND FILE A
COMPLAINT SO LONG AS THE REQUISITES OF
N.Y. CRIM. PROC. LAW § 100.15 ARE FOLLOWED.
STILL, DETECTIVE TROY EARP REFUSED TO
PROCESS AND INVESTIGATE THE CROSS-COMPLAINT
BASED UPON DIRECTION OF A DISCRIMINATIVE
POLICY MANDATED BY THE DISTRICT ATTORNEY'S
OFFICE.

18. Based upon the failure to investigate the plaintiff's cross-complaint, he was held at Niagara County Jail under an excessively harsh bail issued out to him due to being black.

19. On or about November 7, 2017, defendants J. Payne and Latona stormed infront of plaintiff's cell with a number of other white employees yelling and shouting various different orders, wakening him from his sleep.

20. At no time did defendants allow plaintiff to get dressed to leave cell. As plaintiff reached for shirt on shelf he was sprayed a number of times with pepper spray. Then he was bum rushed, tackled to the floor and strapped up around arms and legs. He was finally placed in a restraint chair and excessively tied down to it. Plaintiff continued to tell guards he was not refusing orders, that he could not breathe. He had been heavily sprayed with gas inspite of employees being aware he suffers from asthma.

21. On November 8, 2017, upon returning from court. The defendants Latona and Payne

attacked Mr. Hill directing he on multiple occassions bend over and spread his Butt cheeks wider and cough louder. Said actions were in retaliation for Plaintiff's grievances, and had nothing to do with security as the Plaintiff had cleared a metal scan, Boss chair and all other forms of scans and searches and found not to be in possession of contraband.

22. Plaintiffs Michael Hill and Karen Pittman requested permission to the chief Jail administrator, chaplain and other personnel to complete their marriage at the county Jail. This request was followed by the Plaintiffs being placed upon non-contact visiting with no reason(s) being provided.

23. After filing several grievances Plaintiff was advised that the Jail would not marry them because they don't have to, because no laws or rules exist on the subject. Plaintiff Pittman was told upon leaving the facility that she should not marry that black asshole, he is a criminal like his brothers. The Jail would not allow her to do anything that foolish.

24.  UPON filing a grievance concerning the denial
     of contact visits without being provided
     written notice. Defendant Payne provided
     a written memo denying contact visits
     20 days after the fact.

## IV. LEGAL CLAIMS

25.  Mr. HILL and MS. PITTMAN re-alleges and
     incorporates by referencing his allegations
     in paragraphs ["1 - through - 24"], as if
     fully stated herein.

26.  As a FIRST CAUSE OF action, the Plaintiffs
     claims that they were subjected to
     "unequal treatment in a number of ways"
     directly violating their civil rights pursuant
     to the 14th amendment equal protection law.

27.  Plaintiffs also triggers the New York
     State constitution article I, § 11; for
     equal protection of the law where the
     defendants treated them different than
     white christian american citizen and
     detainees. Because Mr. Hill is an african
     american Hebrew-Israelite, and MS. Pittman
     a white woman seeking to marry a black
     man accused of committing a crime.

CONTENTION [A]: SELECTIVE PROCESSING,

FILING AND INVISTIGATION OF CROSS-COMPLAINT

28. DEFENDANT NIAGARA COUNTY KNOWINGLY AND RECKLESSLY EXERCISED INDIFFERENCE against MR. HILL and MS. PITTMAN, as an african-american and a WHITE WOMAN engage to Marry a blackMan. Through Its PERPETUATION OF a blanket POLICY CREATED by the DISTRICT ATTORNEY'S OFFICE to IGNORE Its duty to IMPARTIAL administration OF JUSTICE. THIS IS WHERE the DEFENDANT has REFUSED to file, PROCESS OR SEND OUT POLICE DETECTIVES to investigate the felony complaint submitted as a cross-complaint against ELTON CARR. (SEE, PLAINTIFFS' APPENDIX EXHIBIT A , B ).

29. DEFENDANT NIAGARA COUNTY IN THE years 2013- through- 2017, has allowed the DISTRICT Attorney's OFFICE to PROMULGATE a WRITTEN POLICY stating, INTER alra, the POLICE are directed to entertain any complaint first submitted and to not waste expenses investigating CROSS-complaints.

30. DEFENDANT HOFFMAN as the COUNTY INVESTIGATOR OF CRIMINAL OFFENSES, was fully aware from the content OF CROSS-complaint compared to initial complaint submitted by Elton Carr, his false testimony at PRELIMINARY hearing. And the evidence MS. PITTMAN

had brought to be submitted to grand jury, and other video evidence she refused to review. That MR. HILL was alleging he was assaulted brutally by ELTON CARR, with false perjured statements being lodged in ELTON CARR'S complaint. Still, based upon her training she followed the DISTRICT ATTORNEY'S policy not to file, process or investigate MR. HILL and MS. PITTMAN'S complaints because MR. HILL is black.
(SEE, PLAINTIFF'S APPENDIX EXHIBIT <u>A</u>, <u>B</u>, __).

31. FOR the Above Stated REASON(S) the Defendants DOREEN HOFFMAN and the COUNTY OF NIAGARA acts of failing to investigate, file and process the PLAINTIFFS CROSS-complaint because MR. HILL is a black african/american who was housed at NIAGARA FALLS CITY COURT POLICE STATION, were IRRATIONAL when on a daily basis WOMEN and WHITES Make counter-complaints that are accepted, filed, process and investigated.

32. Defendant CAROLINA WOJTASZEK exercised discriminative animus, where she was given direct notice in 2011-through-2014 by PLAINTIFF that white police officers were filing false criminal charges, and

COMMITTING PERJURY TO SUPPORT THE CHARGES
AS THEY HAD DONE IN PEOPLE v. HILL,
IND. NO. #89-748.
(SEE, PLAINTIFFS' APPENDIX EXHIBIT C, A, ___).

33. DEFENDANT WOJTASZEK IGNORED THE CROSS-
COMPLAINT SUBMITTED BY THE PLAINTIFFS,
BASED UPON HER PAST INVOLVEMENT IN
DECIDING COLLATERAL MOTIONS, AND REARGUMENTS
BY MR. HILL COMPLAINING THAT COUNTY
AGENTS HAD LIED TO OBTAIN HIS CONVICTION.
AS SHE EXPRESSED HER PERSONAL OPINION
ABOUT BOTH CASES, AND DISPLAYED HER
REASON(S) FOR IGNORING THE CROSS-COMPLAINT.
(SEE, PLAINTIFFS' APPENDIX EXHIBIT A, C).

34. DEFENDANT WOJTASZEK DID NOT CONSIDER
THE CROSS-COMPLAINT OR THE EVIDENCE THAT
MS. PITTMAN TRIED TO PROVIDE TO HER, SO
THAT SHE MAY BE ABLE TO MAKE AN INFORMED
DECISION OF WHETHER THE CRIME STATED IN
ELTON CARR'S COMPLAINT WAS A LIE, AND
THAT ELTON CARR DID ASSAULT MR. HILL
IN THE PRESENCE OF WITNESSES.

35. DEFENDANTS CAROLINA WOJTASZEK AND
DOREEN HOFFMAN BOTH ACTED WITH
CRIMINAL RECKLESSNESS, BY DISPLAYING
RACISM TOWARDS THE PLAINTIFFS. THE

DEFENDANTS WERE NOT ACTING IN A PROSECUTOR CAPACITY, but INSTEAD, WERE ACTING IN the ROLE OF POLICE OFFICERS REQUIRED to PROCESS and INVESTIGATE FELONY COMPLAINTS PURSUANT TO CPL § 100.15. And, by the DEFENDANTS REFUSING to PROCESS, FILE OR INVESTIGATE the CROSS-COMPLAINT AS A RESULT OF their POLICY, CUSTOM and PERVASIVE PRACTICE OF handling any CROSS-COMPLAINT REPORTED charging FELONY OFFENSES by african-american did display discriminative animus. (SEE, PLAINTIFFS' APPENDIX EXHIBIT _A_ _C_ ).

3b. DEFENDANT WOJTASZEK CLEARLY acted without a RATIONAL BASIS when she TREATED the PLAINTIFFS different than any WHITE VICTIM complaining that they've been assaulted. DEFENDANT WOJTASZEK acts WERE TAKEN to cut back on cost, LIMIT HER WORK load, INVESTIGATIVE dUTIES and Other general RESPONSIBILITIES by the CREATION OF HER blanket POLICY to not INVESTIGATE second complaints. (SEE, PLAINTIFFS' APPENDIX EXHIBIT _A_, _B_ _C_ )

CONTENTION [B]: Racist PROCESS and admission TO COUNTY JAIL

37. Defendant Niagara county, and chief jail administrator Payne exercise indifference where they failed to adequately train guards how to process, and document an inmate pedigree information which is very detrimental to health and safety of inmate.

38. Because of Defendant Niagara county and chief administrator Payne, Mr. Hill was Denied to Practice his Hebrew-Israelite Religion — which he informed guard was his religion during intake. Further, the defendants deliberately berated Mr. Hill and Ms. Pittman by forcing Mr. Hill to walk around wearing a bracelet with his picture, identifying his race as unknown because he is engaged to a white woman. (see, Plaintiffs' Appendix Exhibit H, I ).

39. Defendant had not taken this same action against any other detainee processed and admitted within their facility. This action(s) has caused defendant to lose weight, suffer migraine headaches and have difficulty maintaining relation with fiancée. Ms. Pittman contends said action(s) has caused her mental

and emotional anguish based upon
the constant riddicule at work and on
visits, from the family of inmates that
know MR. HILL'S RACE is titled as unknown.

CONTENTION [C]: DISCRIMINATIVE DUE PROCESS
VIOLATIONS at tive hearing

40. Defendants Kevin Payne, J. Payne, latona
and Sheriff James voutour acted with blatant
discriminative animus, because MR. HILL
is an african/american and they are
all white, the same as the employees
who attacked Plaintiff in cell and filed
Report to further Punish him.

41. Defendant latona filed his vague Report
alleging he sprayed gas on Plaintiff because
he did not Respond to an order. However,
the Report list [5] charges which were
to cover up officials intention to Punish
MR. HILL based upon him about to fight
an inmate who is an informant for them,
this included with him being black. As
this is the PRECISE REASON[S] the defendant
failed to credit MR. HILL'S testimony during
the hearings and did REFUSE to Provide
documentary and video evidence to allow
Plaintiff to Present a defense. When all
other detainers in same situation were allowed.

42. The only evidence that the defendants Wilson, Payne and Sheriff Vourtour presented during the proceedings was a Misbehavior Report which was constitutionally vague. They refused the Plaintiff's reasonable request to obtain documentary evidence to present a defense according to the provisions stated in Niagara County Correctional Facility Inmate handbook Section VII (3) as follows:

[A.] log book entries of stand off incident 11/5/17.
[B.] log book entries of extraction
[C.] video recording of 11/5/17 incident
[D.] video recording of extraction
[E.] Probable cause strip frisk forms for 11/5/17, 11/7/15 and 11/8/17.
[F.] watch commander log book entries
[G.] use of force reports.
[H.] log book identifying receipt of contraband
[I.] inmates official statements

43. Defendants cannot allege that they acted in good faith to exact force to search with intent to find contraband upon the word of an informant who came forward because he was mad at Plaintiff. Further Defendants' Report dismiss the contraband charge. The only charge they painstakingly pronounced not guilty of.

44.    Defendant Kevin Payne, Sheriff VanTour and
C. Wilson Reviewed the Report, the hearing
document Request by Plaintiff and did
Deny him to call witnesses and Present
a defense. Thus, the defendants did
clearly eliminate[] Mr. Hill effort
to establish and Present a defense.

45.    Plaintiff argued that the Misbehavior
Report was extremely vague and failed
to give the notice Mandated by law.
It failed to state the following:
[A.]  The location of the incident.
[B.]  The Report charged failure to obey order
but does not indicate what order was
given that was not followed and had
to be.
[C.]  The Report charged Disturbance of safety
and Security but failed to indicate any
action taken by Plaintiff that would
disturb Safety of facility.

[D.]  The Report charged violent conduct
but does not allege any conduct by
the Plaintiff could be Presumed violent.

[E.]  The Report charges facility Rules and
Regulations, but does not indicate
any action to constitute this behavior.

46. AS a RESULT OF DEFENDANT(S) ACTION(S) to TREAT MR. HILL DIFFERENT as a black PERSON he was DEPRIVED a RIGHT to defend himself against vague charges — as WHITE INMATES DETAINED in NIAGARA COUNTY JAIL ARE. And, he was subjected to 90 days of EXTREME ISOLATION IN a CELL all the way in back of hospital where mental SUICIDE patients are housed. HE IS DEPRIVED COMMUNICATION with any other INMATE in JAIL, he is not allowed to SEE OR talk to anyone except staff who Randomly Stop at CELL. HIS ONLY access to OUTSIDE IS a VIEW OF the Sky FROM a window high up on wall. DEFENDANT health, weight and mental condition continues to DETERIORATE.

47. AS a SECOND CAUSE OF ACTION, THE PLAINTIFFS CLAIM that they were subjected to "DUE PROCESS OF THE LAW TO BE heard on DENIAL of contact VISITS, and LIBERTY INTEREST TO MARRY". PURSUANT to FIFTH and FOURTEENTH amendment OF U.S. Const., and NEW YORK State Constitution ARTICLE I, § 1, 5, 8, 9 and 11.

48. On or about September 25, 2017, the

Plaintiffs officially became engaged to be married. MR. HILL'S untimely arrest and detainment at Niagara County Jail caused the Plaintiffs to pursue their marriage through the facility administration.

49. MICHAEL HILL and KAREN PITTMAN WROTE LETTERS to the FACILITY CHAPLAIN, Chief Jail Administrator and even spoke to the Mental health social worker. They continued to seek PERMISSION OR to be explained the course which Must be taken to arrange their Marriage. DEFENDANTS' REFUSED to acknowledge the Plaintiffs REQUEST.

50. MR. HILL filed a grievance concerning this Matter with a captain quoting same message which was verbally delivered to Plaintiffs. KELVIN PAYNE advised, " SINCE NEW YORK State does not Say we "have to", we are not going to allow this Marriage to be done.

51. Plaintiff KAREN PITTMAN alleges while entering the facility to visit MR. HILL in non-contact visiting ROOM. An Officer she has saw RandoMly asked,

are you really going to marry the guy. He's
a criminal just like his brothers..."
when Ms. Pittman responded she loved him,
that she didn't care. The officer stated,
"Chief Administrator won't ever allow it,
he is thinking for your betterment. You
a good woman you did good for yourself,
don't throw it away for a jail bird."

52. Plaintiffs contends their liberty interest
to bond in love under the laws proscribed
by God is being infringed upon
irrationally. As Mr. Hill is only a
detainee and has not been found
guilty of any crime to apply such
rigid standards of depriving the
Plaintiffs to bond in marriage.

53. Further Plaintiffs argues that on
November 7, 2017, through November
27, 2017, Defendants J. Payne, Kevin
Payne and Sheriff James Voutour had
placed them in non-contact visiting
without providing any notice that
contact visits were being deprived
and why. On November 24, 2017,
Mr. Hill submitted a facility grievance
No. 2017-171 complaining about said
misconduct and how it violates facility

POLICIES Handbook SECTION E (2)(b). DEfendant
Kelvin Payne did, on that date provide
a memo alleging his REASON(S) FOR taken
VISITING START then. But, did not explain
his failures to PROVIDE Said notice
10 days PRIOR to allow the Plaintiffs
the Right to be heard on the matter
of why contact visiting should not
have been taken. EXHIBIT J, K, D.

54. AS a Result of the defendants action(S)
the Plaintiff suffered unjustified and
unreasonable interference with their
contact visiting. which has put a heavy
strain on their communication as
far maintaining their Relationship
and obtaining Marriage. Ms. Pittman
has gained tremendous weight from
STRESS, SUffERS pain in neck from
constantly leaning toward glass shield
to hear what MR. Hill is saying on
visit. and MR. Hill JOINS in stating
the failure to timely allow the Plaintiffs
to be heard caused unreasonable
SUffER in a cramped area, no hugs,
KISSES and the STRESSful Feeling
of loss love, and all this was done with
out given them a chance to be heard.
The later decision does not Remedy

the PROBLEM because now the defendant has to find a REASON legitimate or not to support the action(s) he has taken to punish the Plaintiffs without Rightful notice. EXHIBIT D.

55. AS a THIRD CAUSE OF ACTION, THE Plaintiffs claims that MR. HILL was subjected to "sexual abuse and harassment" in violation of the 8th and 14th amendments OF U.S. const., and NEWYORK State CONSTITUTION ARTICLE I, §5.

56. On OR about NOVEMBER 9, 2017. after Returning from the Grand Jury Proceeding Defendant J. Payne Stood in the background and watched as DEFENDANT Latona gave harsh ORDERS continuously barking for Plaintiff to "bend over again and spread your ass wider and cough harder." (see, Plaintiffs APPENDIX EXHIBIT G, L).

57. Plaintiff contends that J. Payne did acquiesce, condone, encourage and assist the deliberate Sexual harassing by allowing Latona to continue said humiliating degrading ORDER while he and other EMPLOYEES Stood around Smiling.

58. Latona's action was in direct response to a number of grievances Mr. Hill had written challenging his disciplinary action. (Grievance No.# 2017-149, Grievance No.# 2017-150, Grievance No.# 2017-143). Latona and Payne deliberately forced Mr. Hill to spread open his anus unlawfully to retaliate for the above grievances.

59. Defendants J. Payne and Latona acted with criminal reckless state of minds, when they forced him through abusive commands to spread his anus wider and cough several times. Because defendant knew plaintiff had no contraband in that area of his body. They had made him clear the Boss chair rectal scan, metal detector and body scan. Thus, the defendants did that knowing they had absolutely no reason at all to force beyond one time to expose that area of his body. (See, Plaintiffs appendix exhibit  G, J ).

60. As a fourth cause of action, the plaintiffs claim that they were subjected to "Cruel and unusual punishment" in violation of 8th and 14th amendments of U.S. Const., New York state constitution art. I, § 5.

61. Plaintiff Karen Pittman alleges the County of Niagara, Kevin Payne chief jail administrator and sheriff voutour deliberately caused her to have to call the jail 1,500 times each week just to make arrangement to visit Mr. Hill. (See, Plaintiffs' appendix exhibit J, K, L).

62. Ms. Pittman contends that the hardship and burden defendants place upon her each week interfers with her concentration at work. Each time she calls is taken away from other important matters she has to undertake in managing her life in the free world. She has gained tremendous weight from stress, a nervous condition, pains in neck and anxiety that causes anger outburst due to the cruel treatment inflicted by defendants.

63. As a Fifth cause of action, the plaintiffs claim they were subjected to "false perjured felony complaint" in violation of substantive and procedural due process in accordance to fifth and fourteenth amendments of U.S. Constitution, CPl § 100.15, CPl § 100.30 and penal law § 210.45, and failure to train to file complaints

64. DEFENDANTS CITY OF NIAGARA FALLS AND DETECTIVE TROY EARP did EXERCISE INDIFFERENCE by allowing the FILING, PROCESSING and PURSUIT OF FALSE PERJURED CRIMINAL FELONY complaints which was known to be FALSE.

65. DEFENDANT CITY OF NIAGARA FALLS EXERCISED INDIFFERENCE where CREATED a blanket POLICY OF PROMOTING the FILING, PROCESSING and PURSUIT OF FALSE PERJURED FELONY complaints submitted by CRACK COCAINE and HEROIN abuser against WORK CLASS African/Americans.

66. On OCTOBER 3, 2017, based UPON IMPROPER training FROM the CITY OF NIAGARA FALLS, TROY EARP took a STATEMENT FROM ELTON T. CARR. SR. WHICH he KNEW was FALSE PERJURED IN VIOLATION OF PENAL LAW § 210.45 FOR the FOLLOWING REASON(S):
(a.) ELTON TESTIFIED at PRELIMINARY hearing Michael HILL only had FLASH light IN hand no gun.
(b.) ELTON TESTIFIED at PRELIMINARY hearing he did NOT know who STABBED, although he FALSELY alleged MAURICE HILL did.
(c.) ELTON STATED Michael HILL got INSIDE house and was PULLING hIM tRYING to get him INSIDE. CRIME SCENE Photographs

I illustrate no traces of blood, no streaks, smears or prints on any of the rails inspite of victim having multiple puncture wounds and lacerations that were heavily bleeding.

67. Defendant Troy Earp had no substantial training which would have illustrated to him in detail how to investigate, and seek out the truth to corroborate complaints prior to filing it, processing it and pursuing an arrest. This situation had clearly presented a difficult choice, both complainants were injured although one more severe than the other. Thus, this was the sort of choice training and supervision from the Defendant City of Niagara falls would have made it less difficult to adequately make in order to determine whether Elton T. Carr, Sr. had unlawfully submitted false perjured statements to bring false charge.

68. As a sixth cause of action, the Plaintiffs claim Mr. Hill was subjected to the " use of unnecessary and excessive force " in violation of 8th and 14th amendments of the U.S. Constitution.

69. On or about November 7, 2017, Mr. Hill was in the bed sleep when several white employees ran infront of his cell yelling and screaming different orders. (See, Plaintiffs' Appendix Exhibit F, I).

70. Mr. Hill climbed out of bed trying to gather his conscious to understand what was going on. He then began to climb on toilet to reach on shelf to get shirt. Defendant Latona heavily maced Mr. Hill several times with pepper spray. (See, Plaintiffs' Appendix Exhibit F, I).

71. Defendant Latona and several other guards assisted by defendant J. Payne, tightly strapped Mr. Hill's arms and legs piling the skin off of arms. They then placed Mr. Hill into some chair and strapped him even tighter. The entire time Mr. Hill was complaining he could not breathe. The mace had triggered his asthma and sinus congestion with globs of snot stuck between his throat and nose causing it to be hard to swallow and pull in air.

72. Defendants Payne and Latona had Mr. Hill placed in extreme isolation

In an observation cell, where he would have no contact with any human being except the staff who check on him. Defendant J. Payne stated, " your going to stay in here like this as long as you are in this jail... you either give me the exacto number #11 blades or go through an x-ray."

73. Mr. Hill agreed to go through an x-ray and explained to Payne he had no razors. That Payne was instructed him to be punished to retaliate for informants who did not like him. As a result Mr. Hill loss tremendous weight, under went headaches and interference with medical care for neck, shoulders and back which defendants re-injured daily by cuffing him behind his back and tightly strapping an E.R.B. belt around him, swollen wrist, and no x-rays.

## V. EXHAUSTION OF REMEDIES

74. Mr. Hill has effectively utilized the administrative appeal mechanism to exhaust all grievances. In addition he has complained to Sheriff, District Attorney and Chief Jail Administrator.

## VI. RELIEF REQUESTED

Wherefore, Michael Hill and Karen

PITTMAN humbly prays that judgment be entered in their favor as follows:

75. Declaratory judgment based upon acts and omissions described herein that violated rights under the Constitution and the laws of the United States. MR. HILL and MS. PITTMAN has no plain, adequate or complete remedy at law to redress the wrongs described herein. They have been, and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which the plaintiff seeks.

76. A PRELIMINARY and permanent injunction ordering:
(a.) CAROLINE WOJTASZEK, COUNTY OF NIAGARA, CITY OF NIAGARA FALLS and OTHERS associated shall enforce non-discriminative policies directing SPECIFIC PRODUCTIVE PROCEDURES under which NIAGARA COUNTY "MUST" train and supervise police and other investigators to fully investigate, file and process cross-complaints submitted by african/americans.

(b.) NIAGARA FALLS "CITY" shall train, supervise

and prohibit its employees from filing any false perjured complaints.

(c.) Niagara County Jail shall direct that a disciplinary board be established with ("3") neutral civilian personnel designated to oversee the proceedings.
(i). Each proceeding shall be video recorded and preserved for 30 business days unless appeal has been taken.
(ii). Inmate assistant shall be provided to those inmates charged with rule violations and are confined in (SHU), punitive segregation. The assistant shall explain the charges, gather documentary evidence and interview potential witnesses for the inmate.
(iii). Inmate shall receive a written decision explaining the evidence relied on that found his guilt or innocence.

77. Compensatory damage against each of the defendants jointly and separately in an amount to equal: $3,500,000.00

78. Punitive damages against each of the defendants jointly and separately in an amount to equal: $5,000,000.00

79. The plaintiffs seeks the costs for this

COURT to SERVE the defendants, to hire an
EXPERT WITNESS and any OTHER EXPENSES
the COURT May deem JUST and PROPER.

## VIII. VERIFICATION

MICHAEL HILL and KAREN PITTMAN, being
the Plaintiffs AFFIRMS that they Have
Read the contents of this complaint, and
being duly sworn, says that the foregoing
are well known to them, and that they
say the same IS true and exact, except
to any Matter therein stated on
INFORMATION and belief, and as to those
Matters they believe them to be true.

Dated: DECEMBER 7, 2017

Michael Hill
MICHAEL HILL
-Signature-

Karen Pittman
KAREN PITTMAN
-Signature-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HILL,                           —CV—

KAREN PITTMAN,              APPENDIX

          PLAINTIFF,          LIST

          ——— against ———

NIAGARA COUNTY, et al.,

                DEFENDANTS.

MICHAEL HILL and KAREN PITTMAN, being
duly sworn states as follows:

1. WE ARE THE above PLAINTIFFS MAKING this
sworn APPENDIX LIST IDENTIFYING documents
attached IN SUPPORT OF OUR COMPLAINT.

2. I HAVE READ THE AFFIRMED VERIFIED COMPLAINT
and all the documents attached hereto IN
SUPPORT OF IT. FROM PERSONAL knowledge
and EXPERIENCE I hereby CERTIFY, PURSUANT
to NEW YORK CPLR 2307, 4518(C), 4540, and
FEDERAL RULE OF EVIDENCE 902, that they are
the complete, true and exact COPIES stated.

3. Attached AS EXHIBIT A, IS a COPY OF
CROSS-COMPLAINT dated OCTOBER 11, 2017
front and back OF Page.

4. Attached AS EXHIBIT B, IS a COPY OF

felony complaint drafted by Niagarafalls police department with statements by Elton Carr attached dated October 3, 2017.

5. Attached as Exhibit C, is a copy of decisions rendered denying rearguments to CPL§440 motion on a separate case by Caroline Wojtaszek who was law clerk and has now became DISTRICT ATTORNEY, dated July 19, 2010, and September 13, 2011.

6. Attached as Exhibit D, is a copy of Niagara County Sheriff's office initial inmate classification dated 10/10/17 by Jason John Gibb, Niagara County reclassification dated 11/8/17 by Jason John Gibb and Payne.

7. Attached as Exhibit E, is a copy of Inmate Grievances dated 11/8/17 number 2017-150, dated 11/24/17 number 2017-171 complaining of illegal restrictions to non-contact visits without notice.

8. Attached as Exhibit F, is a copy of Inmate Grievances dated 11/8/17 number 2017-149, dated 11/8/17 number 2017-143 complaining of extraction.

9. Attached as Exhibit G, is a copy of grievances dated 11/9/17 number 2017-165, dated 11/23/17 number 2017-170 concerning sexual abuse.

10. Attached as Exhibit H, is a copy of grievance dated 11/18/17 number 2017-167, also Religious request and answer dated 11/3/17.

11. Attached as Exhibit I, is a copy of misbehavior report dated 11/8/17, and Notice of confinement pending a hearing dated 11/8/17.

12. Attached as Exhibit J, is a copy Disciplinary Hearin Appeal decision by CJA Payne dated 11/27/17, Disciplinary hearing Record signed by C. Wilson and Kevin Payne final date 11/27/17, and Appeal to Sheriff by Michael Hill dated 11/29/17. Copy Inmate HandBook.

13. Attached as Exhibit K is a copy of Memo To Michael Hill from Payne Stating Reason(s) for security risks and all privileges taken dated 11/27/17.

14. Attached as Exhibit L, is a copy of

MICHAEL HILL SECURITY RISK BRACELET
ISSUED by NIAGARA COUNTY JAIL 10/6/17.

15. Attached AS EXHIBIT M, IS a COPY
OF KAREN PITTMAN'S PHONE CALL logs
Indicating how many times she was
FORCED to call JAIL to SCHEDULE VISIT.

Dated: DECEMBER 7, 2017

Michael Hill
MICHAEL HILL
- Signature -

Karen Pittman
KAREN PITTMAN
- Signature -