UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HILL and KAREN PITTMAN,

                Plaintiffs,

       -v-

JAMES PAYNE, C. WILSON,
*Correction Sergeant*, S. LATONA,
JAMES R. VOUTOUR, KEVIN PAYNE,
*Chief Jail Administrator*, and THOMAS
LONGHREN,

              Defendants.
_____

**DECISION AND ORDER**

18-CV-6022 EAW

## BACKGROUND

Plaintiff Michael Hill ("Hill"), a prisoner currently incarcerated at the Clinton Correctional Facility, who was a pretrial detainee at the Niagara County Jail at the time of the events at issue in this action, and plaintiff Karen Pittman ("Pittman"), Hill's fiancée (collectively "Plaintiffs"), filed this *pro se* action under 42 U.S.C. § 1983. (Dkt. 1). On February 18, 2020, the Court entered a Decision and Order (Dkt. 22) dismissing certain of Plaintiffs' claims and ordering service of the Second Amended Complaint (the operative pleading) on defendants Kevin Payne ("K. Payne"), James Payne ("J. Payne"), S. Latona, C. Wilson, James R. Voutour ("J. Voutour"), and Thomas Longhren.

Thomas Longhren was served on March 23, 2020, and filed an answer on April 24, 2020. (Dkt. 26; Dkt. 28). On May 18, 2020, Plaintiffs filed a request for Clerk's entry of default as to K. Payne, J. Payne, S. Latona, C. Wilson, and J. Voutour. (Dkt. 31). The

- 1 -

Clerk of Court entered default as to J. Payne, S. Latona, and C. Wilson on May 20, 2020. (Dkt. 20).  No Clerk's entry of default was entered as to K. Payne because his time to answer had not yet expired and no Clerk's entry of default was entered as to J. Vourtour because no proof of service on this defendant had been filed.  On May 28, 2020, Plaintiffs filed a renewed request for Clerk's entry of default as to K. Payne.  (Dkt. 33).

On June 2, 2020, K. Payne, J. Payne, S. Latona, and C. Wilson (collectively "Defaulting Defendants") appeared in this action and filed a motion seeking to vacate the Clerk's entry of default entered on May 20, 2020.  (Dkt. 34; Dkt. 35).

J. Vourtour was served on June 4, 2020, and filed an answer on June 23, 2020.  (Dkt. 36; Dkt. 39).

Plaintiffs filed their opposition to Defaulting Defendants' motion to vacate on June 24, 2020.  (Dkt. 40).  Defaulting Defendants filed a reply on June 26, 2020 (Dkt. 41), and Plaintiffs filed a sur-reply on July 7, 2020 (Dkt. 42).[1]

For the reasons set forth below, the Court grants Defaulting Defendants' motion to vacate.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, "the court may set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  As another court in this District has explained:

---

[1]    Plaintiffs did not seek leave of the Court prior to filing their sur-reply.  In light of their *pro se* status, the Court has nonetheless reviewed this filing.  However, Plaintiffs are cautioned that sur-replies are not permitted to filed without leave of the Court and that future sur-replies filed without obtaining such leave may not be considered.

> Because Rule 55(c) does not define the term "good cause," the Second
> Circuit has established three criteria that district courts must assess in
> deciding whether to relieve a party from a default: (1) whether the default
> was willful; (2) whether setting aside the default would prejudice the
> adversary; and (3) whether a meritorious defense is presented.

*Fetcho v. Takhar Grp. Collection Servs., Ltd*., No. 13-CV-232C, 2014 WL 2939165, at *2

(W.D.N.Y. June 27, 2014) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.

1993)). "These criteria must be applied in light of the Second Circuit's 'strong preference

for resolving disputes on the merits.'" *Id*. at *2 (quoting *Brien v. Kullman Indus., Inc.*, 71

F.3d 1073, 1077 (2d Cir. 1995)). Resolution of a motion to vacate a default is "addressed

to the sound discretion of the district court." *New York v. Green*, 420 F.3d 99, 104 (2d Cir.

2005) (citation omitted). "When doubt exists as to whether a default should be granted or

vacated, the doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at

96.

Here, the relevant factors support vacatur of the Clerk's entry of default. As to the

issue of willfulness, "[t]he Second Circuit has interpreted 'willfulness' in the context of a

default to refer to conduct that is 'more than merely negligent or careless.'" *Fetcho*, 2014

WL 2939165, at *2 (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

Defaulting Defendants have explained that they did not timely file their answers because

they believed that they were being represented by the Niagara County Attorney's Office in

connection with this action, and the Niagara County Attorney's Office has explained that

it did not know that service on Defaulting Defendants had been effectuated until after the

Clerk's entry of default was entered. (*See* Dkt. 35-7 at 8-9). While Defaulting Defendants'

conduct may have been negligent, it is not the kind of willful action that would counsel in favor of denying the motion to vacate.

Further, there is no reason to think that vacating the default will prejudice Plaintiffs. Less than two weeks passed between entry of default and the filing of the motion to vacate, and there is nothing in the record that suggests this minor delay will have resulted in, for example, the loss of evidence or increased difficulty in obtaining discovery. *See Fetcho*, 2014 WL 2939165, at *2.

Finally, Defaulting Defendants have meritorious defenses to the claims against them.   Whether a proffered defense is "meritorious" in this context "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98.  In this case, Defaulting Defendants deny having taken any action to violate Plaintiffs' constitutional rights and further assert that they are entitled to qualified immunity.  (Dkt. 35-7 at 9-10). If a jury were to believe Defaulting Defendants' denials of Plaintiffs' allegations, Defaulting Defendants would prevail.

For all these reasons, the Court finds that the Clerk's entry of default entered on May 20, 2020, should be vacated, and Defaulting Defendants should be permitted to file an answer to the Second Amended Complaint.

## **CONCLUSION**

For the reasons discussed above, the Court grants Defaulting Defendants' motion to vacate (Dkt. 35) and vacates the Clerk's entry of default entered on May 20, 2020 (Dkt.

32).   Defaulting Defendants shall file their answers to the Second Amended Complaint within 21 days of entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:          February 10, 2021
                Rochester, New York