UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HILL and KAREN PITTMAN,

          Plaintiffs,    **DECISION AND ORDER**

        -v-    18-CV-6022 EAW

JAMES PAYNE, C. WILSON, *Correction Sergeant*, S. LATONA, JAMES R. VOUTOUR, KEVIN PAYNE, *Chief Jail Administrator*, and THOMAS LOUGHREN[1],

          Defendants.
_____

## BACKGROUND

Plaintiff Michael Hill ("Hill"), a prisoner currently incarcerated at the Upstate Correctional Facility, who was a pretrial detainee at the Niagara County Jail at the time of the events at issue in this action, and plaintiff Karen Pittman ("Pittman"), Hill's fiancée (collectively "Plaintiffs"), filed this *pro se* action under 42 U.S.C. § 1983. (Dkt. 1). On February 18, 2020, the Court entered a Decision and Order (Dkt. 22) dismissing certain of Plaintiffs' claims and ordering service of the Second Amended Complaint (the operative pleading) on defendants Kevin Payne ("K. Payne"), James Payne ("J. Payne"), S. Latona, C. Wilson, James R. Vourtour ("J. Vourtour"), and Thomas Loughren ("Loughren"). (Dkt. 22).

---

[1] Loughren's name is misspelled in the Second Amended Complaint as "Longhren." (Dkt. 16 at 1). The Clerk of Court is directed to update the caption in this matter to reflect the correct spelling of Loughren's name.

- 1 -

Familiarity with the Court's prior Decisions and Orders in this case is assumed for purposes of the instant Decision and Order.

Currently pending before the Court are a motion filed by Hill requesting that the Court order his transfer to a correctional facility closer to Pittman (Dkt. 53) and a motion for a preliminary injunction purportedly filed by both Plaintiffs (Dkt. 54)[2]. For the reasons set forth below, these motions are denied.

## DISCUSSION

### I. Motion for Preliminary Injunction

Plaintiffs seek a preliminary injunction granting the following: (1) an order directing Loughren, Vourtour, and K. Payne "to stop denying inmates detained under their custody from exercising their right to marry. . . ."; (2) an order directing Loughren, Vourtour, and K. Payne to immediately create a disciplinary hearing office wherein all disciplinary hearings are recorded and preserved for at least 30 days; (3) an order directing Loughren, Vourtour, and K. Payne to immediately create a "disciplinary hearing board" with three "neutral civilians"; and (4) an order setting certain procedural requirements for "serious disciplinary reports." (Dkt. 54 at 1-3).

To obtain a preliminary injunction, the moving party must establish the following: (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits; (3) the balance of equities tipping in favor of the moving party; and (4) the public

---

[2]   There are several other motions pending in this action before United States Magistrate Judge Marian W. Payson, to whom all non-dispositive pretrial matters have been referred. (*See* Dkt. 29; Dkt. 51; Dkt. 64; Dkt. 86; Dkt. 88; Dkt. 89; Dkt. 100). Those motions will be resolved in due course.

interest is served by an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the moving party is unable to demonstrate a likelihood of success on the merits, a court may still issue a preliminary injunction if the moving party demonstrates "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

"Normally, the purpose of a preliminary injunction is to maintain the status quo ante pending a full hearing on the merits. Occasionally, however, the grant of injunctive relief will change the positions of the parties as it existed prior to the grant." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (internal citations omitted), *overruled on other grounds*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). "A higher standard applies . . . if the requested injunction is 'mandatory,' altering rather than maintaining the status quo, or if the injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if defendant prevails at a trial on the merits." *People for Ethical Treatment of Animals v. Giuliani*, 105 F. Supp. 2d 294, 303 (S.D.N.Y. 2000), *adopted*, No. 00 CIV. 3972 (VM), 2000 WL 1639423 (S.D.N.Y. Oct. 31, 2000), *aff'd*, 18 F. App'x 35 (2d Cir. 2001). The Second Circuit has "held that a mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (internal quotation marks and citation omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24; *see also Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir. 1986) (noting that a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies"). As such, "a party seeking preliminary injunctive relief has a heavy burden to sustain," *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 534 (E.D.N.Y. 2011) (quotation omitted), and, importantly, "must offer proof beyond the unverified allegations of the pleadings," *Allens Creek/Corbetts Glen Pres. Grp., Inc. v. Caldera*, 88 F. Supp. 2d 77, 83 (W.D.N.Y. 2000), *aff'd sub nom. Allens Creek/Corbetts Glen Pres. Grp., Inc. v. West*, 2 F. App'x 162 (2d Cir. 2001). In short, "[b]are allegations, without more, are insufficient for the issuance of a preliminary injunction." *Kadant, Inc. v. Seeley Mach., Inc.*, 244 F. Supp. 2d 19, 40 (N.D.N.Y. 2003).

Here, Plaintiffs seek a mandatory injunction that would alter the status quo. However, they have not come even close to satisfying the demanding standard for such relief. While Plaintiffs included an "affidavit" with the motion for a preliminary injunction (Dkt. 54 at 4-7), it is not notarized, nor does it comply with the requirements of 28 U.S.C. § 1746 for submitting a declaration under penalty of perjury. Further, Plaintiffs have submitted no evidentiary proof in connection with their preliminary injunction motion. On this record, there is no basis for entry of a preliminary injunction. Plaintiffs' motion for such relief is denied.

## II.     Motion for Transfer of Hill

The Court turns next to Hill's request to be moved to a correctional facility closer to Pittman. (Dkt. 53). As a threshold matter, the Court notes that subsequent to the filing of this

motion, Hill was moved from the Bare Hill Correctional Facility to the Upstate Correctional Facility.  (Dkt. 71).  Accordingly, to the extent that Hill's request was based on the specific conditions at the Bare Hill Correctional Facility, those reasons have been mooted by his transfer.

In any event, "[p]rison inmates have no right to choose where they are housed." *Mitchell v. New York State Dep't of Corr. Servs.*, No. 06-CV-6278 CJS, 2012 WL 5197676, at *2 (W.D.N.Y. Oct. 19, 2012) (denying prisoner's request for an injunction requiring that he be transferred to a different facility).  As the Second Circuit has noted, there is "Supreme Court precedent holding that prisoners cannot dictate the particular institution within a penal system to which they are confined" and that "confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."  *Lewis v. Rawson*, 564 F.3d 569, 578 (2d Cir. 2009) (citations and alteration omitted).  While the Court appreciates that it is inconvenient for Plaintiffs to prosecute this action while Hill is housed in a remote part of the state, there is no legally cognizable basis for the Court to dictate that he be transferred to any particular correctional facility.

The Court notes that in his reply, Hill states that "[t]he court is fully aware that [he] is personally litigating this case on behalf of himself and Karen Pittman" and that "all papers drafted and submitted to this court on [his] behalf and on behalf of Ms. Pittman has been drafted by [him]."  (Dkt. 63 at 2).  Hill further asks the Court to require defense counsel to "stipulate that any motion submitted to the court shall remain unsigned for the Co-Plaintiff Karen Pittman, with the defense counsel serving a copy to her to obtain her signature if she agrees with the papers being set forth by [Hill]."  (*Id.*).

To be clear, this Court has never authorized Hill to "personally litigat[e]" this action of behalf of Pittman. To the contrary, the Court has expressly advised Plaintiffs that "Mr. Hill is not an attorney and he cannot represent Ms. Pittman's interests in this matter. (Dkt. 12 at 3 (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)); *see also* Dkt. 15 at 3 n.4 ("Plaintiffs are hereby again strongly cautioned that they cannot act on behalf of one [another] in this action. . . . Each Plaintiff must therefore sign on his or her own each and every document submitted in this action.")). The Court reiterates its warning again: <u>Hill, who is not an attorney, cannot represent or litigate on behalf of Pittman in this matter</u>. If a document is submitted on behalf of both Plaintiffs, it <u>must be signed by both Hill and Pittman</u>. Plaintiffs chose to bring this action jointly and it is their obligation to proceed accordingly, even if it is inconvenient.

## **CONCLUSION**

For the reasons discussed above, the Court denies Hill's motion to be moved to a closer correctional facility (Dkt. 53) and Plaintiffs' motion for a preliminary injunction (Dkt. 54).

SO ORDERED.

                                                                                     _____
                                                                                   ELIZABETH A. WOLFORD
                                                                                    Chief Judge
                                                                              United States District Court

Dated:       November 9, 2021
               Rochester, New York